1  NAZARETH M. HAYSBERT [CA SBN 294431]
       *nazareth@hmlaw.la*
2  JAMES L. MOULTRIE III [CA SBN 296805]
       *james@hmlaw.la*
3  **HAYSBERT MOULTRIE, LLP**
4  633 West Fifth Street, 28th Floor
5  Los Angeles, California 90071
   Tel:   (213) 533-4130
6  Fax:   (310) 760-4083
7
8  *Attorneys for Plaintiffs Cherie Townsend and Jalen Lapree Hamler*

9              **UNITED STATES DISTRICT COURT**
10             **CENTRAL DISTRICT OF CALIFORNIA**

11  | | |
|---|---|
| CHERIE TOWNSEND, an individual; JALEN LAPREE HAMLER, an individual, | Case No. 2-18-cv-10011-R-MAAx<br>Hon. Manuel L. Real<br>Roybal Federal Building<br>Courtroom 880, 8th Floor |
| Plaintiffs, | |
| V. | **PLAINTIFFS' *EX PARTE* APPLICATION FOR AN ORDER FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY AND ORDER FOR PRESERVATION OF DOCUMENTS AND EVIDENCE** |
| JIM MCDONNELL, an individual; CHRISTOPHER BERGNER, an individual; MARCELO QUINTERO, an individual; MICHAEL AUSTIN, an individual; LOS ANGELES COUNTY, a public entity; LOS ANGELES SHERIFF'S DEPARTMENT, a public entity; SUSAN BROOKS, an individual; THE CITY OF RANCHO PALOS VERDES, a public entity; BRITT HUFF, an individual; THE CITY OF ROLLING HILLS ESTATES, a public entity; and DOES 1-20, inclusive, | [Filed concurrently with Declaration of Nazareth M. Haysbert]<br><br>Action Filed:   November 29, 2018<br>Trial Date:     Not yet set. |
| Defendants. | |

1

PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER FOR LEAVE TO CONDUCT
EXPEDITED DISCOVERY AND REQUEST FOR PRESERVATION ORDER

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Local Rule 7-19, and Federal Rule of Civil Procedure 26, and 37, Plaintiffs Cherie Townsend and Jalen Lapree Hamler hereby move this Court for an Order on an *ex parte* basis for leave to conduct Expedited Discovery in order to preserve testimony and evidence supporting their claims and to prevent irreparable harm resulting from the spoliation of evidence in this highly unusual and also high-profile case.

Specifically, Plaintiffs' respectfully seek leave of the Court to expedite the following:

1.      The depositions of Defendant Sheriff Jim McDonnell, an individual, Defendant Captain Christopher Bergner, an individual, Defendant Sergeant Michael Austin, an individual, Defendant Sergeant Marcelo Quintero, an individual, and the Persons Most Knowledgeable for Defendants' County of Los Angeles and Los Angeles Sheriff's Department, on dates certain, for the purpose of perpetuating their testimony as well as the evidence that such deponents will be asked to produce at their depositions;

2.      Plaintiffs also seek a preservation order from the Court requiring the Los Angeles County Sheriff's Department to immediately protect and preserve all evidence and testimony relating to this case effective immediately.

Plaintiffs seek this relief on an *ex parte* basis to avoid irreparable harm to Plaintiffs. Defendant McDonnell and the key Sheriff's Department officers currently working the murder investigation will no longer work for the Sheriff's Department beginning at 12:01 p.m. on Monday, December 3, 2018, which means that Defendant McDonnell and his lead investigative officers will be unable to produce at their depositions, the requisite witness interviews, forensic evidence, and audio and video tape recordings required to conduct meaningful depositions. Thus, this matter must be heard on an expedited basis to ensure the testimony and the evidence currently possessed by the Defendants is preserved. Absent the

2

testimony and forensic evidence Plaintiff Townsend is seeking now to preserve, there would be nothing to prevent a failure or delay of justice.

Pursuant to Local Rule 7-19.1, on November 29, 2018, counsel for Plaintiffs orally notified the relevant Defendants (in bold), through their legal departments, of Plaintiffs' intention to file this *Ex Parte* Application. The contact information for Defendants is as follows:

| | |
|---|---|
| **Los Angeles Sheriff's Department**<br>**Civil Litigation Unit**<br>**4900 South Eastern Ave., Suite 102**<br>**Commerce, CA 90040**<br>**323-890-5000** | **Sheriff Jim McDonnell**<br>**Civil Litigation Unit**<br>**4900 South Eastern Ave., Suite 102**<br>**Commerce, CA**<br>**323-890-5000** |
| **Captain Christopher Bergner**<br>**Civil Litigation Unit**<br>**4900 South Eastern Ave., Suite 102**<br>**Commerce, CA 90040**<br>**323-890-5000** | **Sergeant Marcelo Quintero**<br>**Civil Litigation Unit**<br>**4900 South Eastern Ave., Suite 102**<br>**Commerce, CA 90040**<br>**323-890-5000** |
| **Sergeant Michael Austin**<br>**Civil Litigation Unit**<br>**4900 South Eastern Ave., Suite 102**<br>**Commerce, CA 90040**<br>**323-890-5000** | **County of Los Angeles**<br>*Katherine Medina*<br>**500 West Temple Street, Room 383**<br>**Los Angeles, CA 90012**<br>**213-257-2904/ 213-974-3612** |
| Patricia Wilkinson<br>211 West Temple Street, Suite 1100<br>Los Angeles, CA 90021<br>213-257--2250 | Los Angeles County District Attorney's Office<br>210 West Temple Street, 17th Floor<br>Los Angeles, CA 90021<br>213-257-2904 / 213-974-3612 |
| Susan Brooks<br>330940 Hawthorne Boulevard<br>Rancho Palos Verdes, CA 90275<br>cityclerk@rpvca.gov<br>310-544-5217 | City of Rancho Palos Verdes<br>330940 Hawthorne Boulevard<br>Rancho Palos Verdes, CA 90275<br>cityclerk@rpvca.gov<br>310-544-5217 |
| Britt Huff<br>4045 Palos Verdes Drive North<br>Rolling Hills Estates 90274<br>heidiL@rollinghillsestatesca.gov<br>310-377-1577 ext. 102 | City of Rolling Hills Estates<br>4045 Palos Verdes Drive North<br>Rolling Hills Estates 90274<br>heidiL@rollinghillsestatesca.gov<br>310-377-1577 ext. 102 |

PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY AND REQUEST FOR PRESERVATION ORDER

1    The individuals and entities listed above have not informed Plaintiffs' counsel
2    whether they will oppose this application or not.
3        This *Ex Parte* Application is based upon the attached Memorandum of Points
4    and Authorities, the accompanying Declaration of Nazareth Haysbert and exhibits
5    thereto, the files and records in this case, and any such other and further arguments
6    and evidence as may properly be presented to the Court.
7
8    DATED: December 3, 2018              **HAYSBERT MOULTRIE, LLP**
9
10                                 By:    */s/ Nazareth M. Haysbert*
11                                        Nazareth M. Haysbert, Esq.
                                          James L. Moultrie III, Esq.
12
                                          *Attorneys for Plaintiffs*
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER FOR LEAVE TO CONDUCT
EXPEDITED DISCOVERY AND REQUEST FOR PRESERVATION ORDER

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

As set forth in her Complaint, filed November 29, 2018, [*See* Dkt. No. 1], Plaintiff Cherie Townsend was falsely accused of the Rolling Hills Shopping Mall murder of Susan Leeds by Sheriff Jim McDonnell, Captain Christopher Bergner, and the Los Angeles County's Sheriff's Department. The Sheriff's Office as well as a local mayor still tell the press and public that she is the sole murder suspect or person of interest in the murder investigation. Meanwhile, no District Attorney's Office believes there is sufficient evidence to charge Ms. Townsend with murder. Indeed, over six months ago, Patricia Wilkinson, the head of the Major Crimes Division of the Los Angeles District Attorney's Office, ordered the Sheriff's Department to release Ms. Townsend from jail, without restrictions, because it lacked sufficient evidence to charge her with a crime. Over six months later, Ms. Townsend has still not been charged with a crime but the Sheriff's Department still has her car, cell phones, and medication as "purported evidence." Ms. Townsend and her two children suffer continuing property and mental injury because of the Sheriff's Department failure to publicly apologize or rule her out officially as a suspect. She also cannot be expected to find work, in that she has been labeled "a murderer" in the eyes of the public.

On or about November 27, 2018, Defendant Sheriff Jim McDonnell was elected out of office by Sheriff-elect, Alex Villanueva. On November 28, 2018, Sheriff-elect Villanueva announced that Sheriff McDonnell's entire command staff would be fired immediately after he is sworn in as Sheriff at 12:01 p.m. on Monday, December 3, 2018. As such, Defendant McDonnell and other key Sheriff's Department officers working the Rolling Hills Murder investigation will no longer work for the Sheriff's Department when the Sheriff-elect is sworn in as Sheriff. Therefore, the relevant parties to this action, including and especially Defendants' Jim McDonnell and Captain Christopher Bergner, will immediately

PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER FOR LEAVE TO CONDUCT
EXPEDITED DISCOVERY AND REQUEST FOR PRESERVATION ORDER

lose access to all documents and records relevant to Plaintiffs' claims. More importantly, the ability to have Sheriff McDonnell produce at a future deposition all the evidence gathered during the murder investigation giving rise to probable cause to arrest Plaintiff Townsend ceases once he is out of office. Such evidence includes not only witness statements and forensic evidence but also evidence in the form of videotapes and recordings of Plaintiff Townsend's arrest and interrogation and the recordings and video made while Plaintiff Townsend was incarcerated in a recorded cell with an undercover law enforcement officer. Furthermore, Plaintiffs' ability to procure Defendant McDonnell's deposition testimony as a private citizen no longer affiliated with the Sheriff's Department is likely to be time-consuming, expensive, and considerably reduced or bogged down with delays.

Plaintiffs hereby apply to this Court *ex parte* for an order for leave to expedite discovery in order to avoid these issues, promote judicial economy, and serve the interests of justice.

## II.   FACTUAL BACKGROUND

On May 3, 2018, a 66-year-old white woman was murdered in a parking lot at the Promenade Mall in the City of Rolling Hills Estates. Her name was Susan Leeds. She was found with multiple stab wounds to the chest and her throat had been slashed. The Los Angeles Sheriff's Department ("LASD") contracts with the City of Rolling Hills Estates for law enforcement and initiated an investigation of the case.

On May 16, 2018, at approximately 11:00 p.m., Plaintiff Cherie Townsend, a 40-year-old woman of African-American descent and mother of two minor children at the time, was pulled over on the 10 Freeway while traveling near Pomona, California, and was arrested at gunpoint by officers of the Los Angeles Sheriff's Department for the murder of Susan Leeds.  Plaintiff Townsend was placed in a jail cell with an undercover law enforcement officer, underwent forensic tests and was

PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER FOR LEAVE TO CONDUCT
EXPEDITED DISCOVERY AND REQUEST FOR PRESERVATION ORDER

1   questioned by Sergeants Austin and Quintero, among others.  On May 18, 2018,

2   representatives of the Los Angeles Sheriff's Department held a press conference

3   identifying Ms. Townsend by name as the arrestee and sole suspect in the murder,

4   despite the limited investigation that was conducted to that point. This press

5   conference was also published on the Sheriff's Department Facebook page and the

6   story was published or broadcast by all local news media outlets, nationally by the

7   Associated Press, and appeared on Twitter, Facebook, and Instagram, including the

8   various social media pages of the Los Angeles Sheriff's Department and the City of

9   Rolling Hills Estates.

10        On May 22, 2018, after six nights in jail, and long after being fingerprinted

11   and submitted to DNA testing, Ms. Townsend was released from custody without

12   restrictions after County prosecutors informed the Sheriff's Department that they did

13   not have enough evidence to charge her.  Plaintiff Townsend's automobile, cell

14   phones, and medication, which were inexplicably excluded from the receipt of

15   property, have not been returned to her and are still being held by the Sheriff's

16   Department, along with other personal property of Plaintiff Townsend. As a result

17   of the unreasonable arrest and announcement to the public by the Sheriff's

18   Department officers, the failure of the Los Angeles Sheriff's Department and Los

19   Angeles County to conduct an adequate investigation before labeling someone as a

20   murderer, the failure of the Los Angeles Sheriff's Department to provide an accurate

21   receipt for the return of Ms. Townsend's property, and the now widespread belief

22   that Ms. Townsend committed such a heinous murder, Ms. Townsend and her family

23   have sustained significant and permanent injuries to their mind, property, and social

24   well-being.

25        On November 29, 2018, Plaintiffs filed a complaint in this Court against,

26   among others, Sheriff James McDonnell, an individual, Captain Chris Bergner, an

27   individual, Sergeant Michael Austin, an individual, Sergeant Marcelo Quintero, an

28   individual, the Los Angeles Sheriff's Department, a public entity, Los Angeles

7

PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER FOR LEAVE TO CONDUCT
EXPEDITED DISCOVERY AND REQUEST FOR PRESERVATION ORDER

County, a public entity, Susan Brooks, an individual, the City of Rancho Palos Verdes, a public entity, Britt Huff, an individual, the City of Rolling Hills Estates, and various Does for, inter alia, Fourth and Fourteenth Amendment violations; defamation-plus liability; *Monell* liability; defamation; intentional infliction of emotional distress; negligent infliction of emotional distress; false arrest/imprisonment; and Bane Act liability.

## III.   <u>ARGUMENT</u>

An *ex parte* motion must "establish why [a] motion for the ultimate relief requested cannot be calendared in the usual manner." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995); *In re City of San Bernardino, California*, 2015 WL 5104903 (C.D. Cal. 2015). *Ex parte* relief is justified when there is a threat of immediate or irreparable injury and when the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion. *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989); *Moore v. Chase, Inc*., WL 4636750, at 2 (E.D. Cal. Aug. 3, 2015).

Here, a petition for the ultimate relief requested cannot be calendared in the usual manner because Defendant Sheriff James McDonnell has been elected out of office and Defendant McDonnell and other key Sheriff's Department officers working the Rolling Hills Murder investigation will no longer work for the Sheriff's Department when Sheriff-elect Alex Villanueva is sworn in as Sheriff on December 3, 2018 at 12:01 p.m. When this occurs, Plaintiffs' ability to procure the deposition testimony of Defendant McDonnell as a private citizen no longer affiliated with the Sheriff's Department will be reduced or could be bogged down with delays. Furthermore, the relevant parties to this action, including and especially Defendants' Jim McDonnell and Captain Christopher Bergner, will immediately lose access to all documents and records relevant to Plaintiffs' claims, and the ability to have Sheriff McDonnell produce at his deposition all the evidence gathered during the murder investigation giving rise to probable cause to arrest Plaintiff Townsend will

8

cease once he is out of office.  Such evidence includes not only witness statements and forensic evidence but also evidence in the form of videotapes and recordings of Plaintiff Townsend's arrest and interrogation and the recordings and video made while Plaintiff Townsend was incarcerated Hence, Plaintiffs' request for the expedited deposition of Sheriff McDonnell and the preservation of all evidence obtained by the Defendants is of the utmost urgency.

Furthermore, it is especially critical that the depositions of Sheriff McDonnell and the three other lead officers of the Los Angeles Sheriff's Department conducting the investigation of the murder of Susan Leeds leading to the arrest and labeling of Plaintiff Townsend as the sole murder suspect be taken while memories are fresh and the evidence, witness statements, forensic evidence, videotapes and recordings leading to Plaintiff's arrest and being labeled as the sole murder suspect can be readily located and produced in conjunction with the depositions of Defendant McDonnell, Defendant Bergner, and investigating detectives, Defendants' Marcelo Quintero and Michael Austin.

Here, the need to preserve the witness statements, forensic evidence and all video and audio recordings of the arrest, interrogation and jail house informant's involvement is as crucial as the underlying depositions themselves.  This is especially the case here where there seems to have been a rush to judgment and continual labeling and harassment of Plaintiff Cherie Townsend as the sole murder suspect or person of interest in this case even though two sets of prosecutors informed the Sheriff's Department over six months ago that they did not have enough evidence to prosecute for murder and Plaintiff has not been charged with any crime.

Plaintiffs desire to expedite the testimony of Sheriff James McDonnell, Captain Chris Bergner, Sergeant Marcelo Quintero and Sergeant Michael Austin and the person's most knowledgeable for the County of Los Angeles and the Los Angeles Sheriff's Department. The substance of this testimony is expected to be as

PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY AND REQUEST FOR PRESERVATION ORDER

follows, among *inter alia*: a.) what led the investigating officers to initially conclude Plaintiff Cherie Townsend was a suspect; b.) what is the evidence supporting the probable cause to arrest Plaintiff Cherie Townsend; c.) what did the Sheriff's Department know by the second day of Plaintiff Townsend's incarceration that led Sheriff James McDonnell to label Plaintiff Townsend publicly as the sole suspect in Susan Leed's murder; d.) what forensic evidence or witness statements tie Plaintiff Cherie Townsend to Susan Leed's murder; e.) what did the Sheriff's Department learn from the jail house informant; f.) why has the Sheriff's Department not investigated the tips received on the tip hotline that it should investigate Mr. Leeds, Susan Leed's husband, as the murderer or for complicity in a murder for hire scheme; g.) why has the Sheriff's Department failed as to date to interview any of Susan Leed's neighbors, as it has been suggested on the tip hotline that it should; and, h.) why has the Sheriff's Department failed to return Plaintiff Cherie Townsend's automobile, cell telephones and medications (in other words, what makes these items still evidence if there is insufficient evidence to try Plaintiff Townsend for murder).

## IV.   **CONCLUSION**

In light of the foregoing, Plaintiffs pray the Court for an order authorizing their counsel to take the depositions of Sheriff James McDonnell, an individual, Captain Christopher Bergner, an individual, Sergeant Michael Austin, an individual, Sergeant Marcelo Quintero, an individual, and the persons most knowledgeable for the County of Los Angeles and the Los Angeles Sheriff's Department, on an expedited basis, for the purpose of perpetuating their testimony as well as the evidence that such deponents will be asked to produce at their depositions. Such Application must be heard on shortened time so that such depositions can be ordered, and evidence preserved before Sheriff McDonnell and his lead investigative officers lose the ability to produce at their depositions the requisite witness interviews, forensic evidence, and audio and video tape recordings required to conduct meaningful depositions.

10

PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY AND REQUEST FOR PRESERVATION ORDER

1

DATED: December 3, 2018          **HAYSBERT MOULTRIE, LLP**

2

3                                        By:      */s/ Nazareth M. Haysbert*
                                          Nazareth M. Haysbert, Esq.
4                                          James L. Moultrie III, Esq.

5                                          *Attorneys for Plaintiffs*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER FOR LEAVE TO CONDUCT
EXPEDITED DISCOVERY AND REQUEST FOR PRESERVATION ORDER