# DECLARATION OF EMILY B. SUHR

I, Emily B. Suhr, declare as follows:

1. The facts set forth herein are based on my personal knowledge or, as specified, upon my information and belief, based on official acts and writings. If called upon as a witness, I could and would testify competently to the facts contained herein under oath.

2. I am an attorney at law, duly licensed to practice before this Court and all of the courts of the State of California, and an associate of the law firm of Lawrence Beach Allen & Choi, PC, attorneys of record for County of Los Angeles, Los Angeles County Sheriff's Department, Jim McDonnell, Christopher Bergner, Marcelo Quintero, and Michael Austin in this matter.

3. Attached hereto as Exhibit "A" is a true and correct copy of the Court's November 2018 Order denying Plaintiff Cherie Townsend's petition to perpetuate testimony and *ex parte* application.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on December 4, 2018 at Glendale, California.

                                       /s/ Emily B. Suhr
                                       EMILY B. SUHR

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF A PETITION BY CHERIE TOWNSEND, AN INDIVIDUAL, TO PERPETUATE TESTIMONY UNDER FED. R. CIV. PROC. 27 | Case No. 2:18-mc-00146-UA-JC<br><br>ORDER DENYING PETITION TO PERPETUATE TESTIMONY, DENYING EX PARTE APPLICATION AS MOOT, AND DISMISSING ACTION WITHOUT PREJUDICE |

**I. SUMMARY**

On October 31, 2018, petitioner Cherie Townsend filed a Verified Petition to Perpetuate Testimony ("Petition") and an Ex Parte Application to Have Petition to Perpetuate Testimony Heard on Shortened Time ("Ex Parte Application") with a supporting declaration of petitioner's attorney Nazareth M. Haysbert ("Haysbert Declaration"). The Petition, which is predicated on Rule 27 of the Federal Rules of Civil Procedure, seeks an order authorizing petitioner to take the oral depositions of five individuals – Sheriff James McDonnell, Captain Christopher Bergner, Sergeant Marcelo Quintero, Sergeant Michael Austin, and Deputy District Attorney Patricia Wilkinson (collectively "Proposed Deponents") – and to direct the Proposed Deponents to produce evidence at such depositions. (Petition

Exhibit A

at 16). The Ex Parte Application requests that the Court hold a hearing on the Petition no later than November 2, 2018.

The Court finds that a hearing on the Petition and the Ex Parte Application are unnecessary and deems such matters submitted for decision. See Local Rule 7-15.

For the reasons set forth below, the Petition and the Ex Parte Application are denied and this action is dismissed without prejudice.

**II. PERTINENT LAW**

Rule 27(a) permits the filing of a verified petition to request an order which authorizes the petitioner to depose named persons to perpetuate testimony in advance of possible future litigation in federal court. The petition must show the following:

  (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
  (B) the subject matter of the expected action and the petitioner's interest;
  (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
  (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
  (E) the name, address, and expected substance of the testimony of each deponent.

Fed. R. Civ. P. 27(a)(1); see Martin v. Reynolds Metals Corp., 297 F.2d 49, 55 (9th Cir. 1961) (federal courts have power under Rule 27 to order deposition where party seeking the deposition is unable to bring the suit or cause it to be brought).

///

Exhibit A

At least 21 days before the date set for a hearing on a petition, the petitioner "must serve each expected adverse party with a copy of the petition and a notice stating the time and place of the hearing." Fed. R. Civ. P. 27(a)(2). Service must be made in accordance with Rule 4 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 27(a)(2).[1]

The Court must issue an order to preserve testimony if the petitioner adequately demonstrates "that perpetuating the testimony may prevent a failure or delay of justice." Fed. R. Civ. P. 27(a)(3); see Tennison v. Henry, 203 F.R.D. 435, 440 (N.D. Cal. 2001) ("Courts have held that the requirements of Rule 27(a) have been met where an individual seeking discovery: 1) shows he is acting in 'anticipation of litigation in federal court'; 2) 'adequately explain[s]' the substance of the testimony he seeks to obtain; and 3) presents evidence that there is a 'significant risk' that the evidence will be lost if it is not perpetuated.") (citation omitted).

"The grant or denial of a petition to preserve testimony is within the discretion of the Court." State of Nevada v. O'Leary, 151 F.R.D. 655, 657 (D. Nev. 1993) (citation omitted), aff'd, 63 F.3d 932 (9th Cir. 1995).

**III. DISCUSSION**

Here, the Petition is deficient for at least the following reasons:

First, the Petition fails to establish that petitioner cannot presently bring an action cognizable in a United States court. Petitioner represents that she intends to bring an action in this federal court pursuant to Title 42, United States Code, section 1983 ("Section 1983") and to assert claims arising under the Fourth and Fourteenth Amendments to the United States Constitution and state law. She claims that she cannot file her Complaint now because she must await resolution of claims she filed on October 1, 2018 with multiple local government entities

---

[1] If service under Rule 4 cannot be made with reasonable diligence on an expected adverse party, the court may order service by publication or otherwise. Fed. R. Civ. P. 27(a)(2).

Exhibit A

under the California Tort Claims Act (CTCA), California Government Code §§ 900, et seq.  The requirements of the CTCA do not control claims under federal statutes such as Section 1983 and accordingly, the CTCA is no barrier to petitioner presently bringing a Section 1983 action predicated on the Fourth and Fourteenth Amendments.  <u>Butler v. Los Angeles County</u>, 617 F. Supp. 2d 994, 1001 n.2 (C.D. Cal. 2008) (citation omitted); <u>Williams v. Horvath</u>, 16 Cal. 3d 834, 842 (1976).  As plaintiff offers no reason why she cannot presently bring a Section 1983 action, she is not entitled to relief under Fed. R. Civ. P. 27.

  Second, petitioner fails to demonstrate that there is a need to perpetuate the testimony and evidence in issue in this particular case.  "Unlike other discovery rules, Rule 27(a) allows a party to take depositions prior to litigation if it demonstrates . . . the reasons the testimony will be lost if not preserved."  <u>Calderon v. United States District Court for the Northern District of California</u>, 144 F.3d 618, 621 (9th Cir. 1998) (citation and internal quotation marks omitted).  Factors that courts have found to be persuasive in justifying the need to perpetuate testimony are advanced age or infirmity of a witness, the possibility that the witness will not be willing to testify if discovery is delayed, and the uniqueness of the information at issue.  <u>Tennison v. Henry</u>, 203 F.R.D. at 441 (citations omitted).

  Here, petitioner relies on none of the foregoing bases, and instead essentially asserts that it is "immediately necessary" to perpetuate the testimony and evidence in issue because of (1) alleged conduct by the Sheriff's Department/members thereof, *i.e.*, framing petitioner for a murder even though there is not enough evidence to charge her, defaming petitioner through various public pronouncements; (2) the impending election which may result in Sheriff McDonnell's loss of his current position and the shifting of other key personnel which in turn may make it more difficult for such individuals to produce evidence; and (3) the need to ensure that the memories of the Proposed Deponents are fresh. (Petition at 2, 6-8).  As to the first proffered reason, the Court fails to comprehend

Exhibit A

how the referenced alleged conduct of the Sheriff's Department/members thereof establishes an immediate need to preserve the testimony/evidence of the Proposed Deponents or in any way suggests that the testimony and evidence of the Proposed Deponents would be lost if not preserved.  As to the second proffered reason, petitioner's speculation as to the outcome of the election and the potential impact it may have on personnel and the ease of production of evidence likewise is insufficient to demonstrate the requisite need or to establish a sufficient risk that testimony and evidence would be lost if not preserved now.  See Penn Mutual Life Insurance, Co. v. United States, 68 F.3d 1371, 1375 (D.C. Cir. 1995) ("[A] general allegation is not sufficient to satisfy Rule 27's requirement that a petitioner demonstrate an immediate need to perpetuate testimony."); Petition of Rosario, 109 F.R.D. 368, 370-71 (D.  Mass. 1986) (unsubstantiated claim of rapid turnover of personnel insufficient to show that testimony in danger of being lost under Fed. R. Civ. P. 27).  As to the third proffered reason, petitioner offers no basis to conclude that testimony and evidence would be lost due to a deterioration of the Proposed Deponents' memories.  See Penn Mutual Life Insurance Co., 68 F.3d at 1374-75 (general allegation that with passage of time the ability of witness to recall facts and testify completely might be impaired found insufficient to support perpetuation of testimony under Rule 27); Doolin v. Davis, 2017 WL 220131, *4 (E.D. Cal. Jan. 19, 2017) (asserted risk of loss of testimony due to deponent's age and possibility that memory may fade over time insufficient under Rule 27).

   Finally, petitioner has not filed any proofs of service reflecting that he has served "each expected adverse party" pursuant to Rule 4 as required by Rule 27. See Fed. R. Civ. P. 27(a)(2).  Nor has petitioner demonstrated that service under Rule 4 could not be made with reasonable diligence on an expected adverse party. The Haysbert Declaration – which is attached to the Ex Parte Application – attests that the "Petition has been served on all prospective Defendants" but does not specify that service was made as required by Rule 4.  (Haysbert Declaration ¶ 2).

Exhibit A

Indeed, the Haysbert Declaration appears to elaborate on the foregoing statement by summarizing telephonic communications affording oral notice of the Petition/Ex Parte Application to various individuals and notes the agreement of various individuals to accept service of the same. (Haysbert Declaration ¶¶ 6-11). The foregoing suggests that no adverse party has properly been served with the Petition pursuant to Rule 4 as required.

**IV.   ORDERS**

In light of the foregoing, the Petition is denied, the Ex Parte Application is denied as moot, and this action is dismissed without prejudice. Petitioner is directed to serve a copy of this Order on any Proposed Deponent who was notified of the Petition/Ex Parte Application.

IT IS SO ORDERED.

DATED: November 2, 2018

_____
HONORABLE VIRGINIA A. PHILLIPS
CHIEF UNITED STATES DISTRICT JUDGE

Presented by:

_____/s/_____

Honorable Jacqueline Chooljian
United States Magistrate Judge

6

Exhibit A