UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-10011-PSG-JC | Date | September 20, 2023 |
| Title | Cherie Townsend, et al. v. Jim McDonnell, et al. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Kerri Hays | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| none | none |

**Proceedings:** (IN CHAMBERS)

**ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT CITY OF ROLLING HILLS ESTATES' MOTION TO COMPEL OR FOR REPORT AND RECOMMENDATION (DOCKET NO. 198); (2) ORDERING PLAINTIFFS TO SERVE/RE-SERVE DEFENDANTS WITH DISCOVERY RESPONSES AND TO FILE NOTICE OF COMPLIANCE; (3) DENYING THE PARTIES' CROSS-REQUESTS FOR MONETARY SANCTIONS; AND (4) DIRECTING THE PARTIES HENCEFORTH TO EMAIL COURTESY COPIES OF DISCOVERY RESPONSES**

**I.    SUMMARY**

On April 21, 2020, Defendant City of Rolling Hills Estates ("City") filed a Motion (1) to Compel Plaintiffs' Full and Complete Responses to the City's Interrogatories (Set One) and Requests for Production of Documents (Set One) Before the Discovery Cut-Off; or (2) for a Report and Recommendation for Issuance of Evidentiary Sanctions; and (3) for Monetary Sanctions Against Plaintiff Cheri Townsend, Plaintiff Jalen Lapree Hamler, and Their Counsel Nazareth M. Haysbert, Jointly and Severally in the Amount of $1,867.50 ("Defendant's Motion").[1]

---

[1]In connection with Defendant's Motion, the parties have submitted Defendant's Notice of Motion ("Notice") with Defendant's Memorandum of Points and Authorities (Defendant's Memo) (Docket No. 198), Defendant's portion of a Joint Stipulation ("DJS") with a Declaration of Christopher D. Glos ("Glos Decl.") and exhibits ("Glos Ex."), and a Declaration of Rebecca Wilson ("Wilson Decl.")  (Docket No. 199), Plaintiffs' Opposition to Defendant's Motion ("Opposition" or "Opp.") with a Declaration of Nazareth M. Haysbert ("Haysbert Decl.") with exhibits ("Haysbert Ex.") (Docket No. 217), and Defendant's Reply ("Reply") (Docket No. 223).  As discussed below, on April 21, 2020, Defendant also filed an ex parte application shortening time to hear Defendant's Motion with another Declaration of Christopher D. Glos ("Gloss EP Decl.") and exhibits ("Glos EP Ex.").  (Docket No. 201).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10011-PSG-JC | Date | September 20, 2023 |
|---|---|---|---|
| Title | Cherie Townsend, et al. v. Jim McDonnell, et al. | | |

Based upon the Court's consideration of the parties' submissions in connection with Defendant's Motion, the record in this action, and the pertinent facts and governing law, and for the reasons explained and as detailed below, the Court (1) grants in part and denies in part Defendant's Motion; (2) orders Plaintiffs to serve/re-serve the discovery responses in issue to Defendants and to file a Notice of Compliance to which such responses (including corresponding proofs of service/corrected verifications) are attached (unless this action is dismissed before the compliance deadline set herein, see Docket Nos. 252, 254, 257); (3) denies the parties' cross-requests for sanctions; and (4) directs the parties henceforth to email at least courtesy copies of discovery responses to all other counsel of record, absent further Order of the Court.

**II.   BACKGROUND**

   **A.   Factual Background**

The following facts are taken from Plaintiffs' First Amended Complaint (alternatively, "FAC"). On May 16, 2018, at approximately 11:00 p.m., Plaintiff Townsend, a 40-year-old African-American woman, was pulled over on the 10 Freeway near Pomona, and arrested at gunpoint and without a warrant by the Los Angeles Sheriff's Department ("LASD") for the murder of a woman that occurred on May 3, 2018 at the Promenade Mall in the City of Rolling Hills Estates ("City"). (FAC ¶¶ 1, 45). On May 18, 2018, representatives of the LASD and the City's Mayor Britt Huff held a widely publicized press conference identifying Townsend by name as the arrestee and sole suspect in the murder. (FAC ¶¶ 55–73). Mayor Huff is alleged to have made certain actionable public statements at the press conference. (FAC ¶¶ 61-63). Plaintiff Townsend alleges that she spent six nights in jail at the LASD, Lomita Station and Lynwood women's jail, that she was placed in a recorded cell with an undercover law enforcement officer, underwent forensic tests, was interrogated by LASD officers, and was fingerprinted and submitted for DNA testing. (FAC ¶¶ 1, 4, 46, 54, 107, 205). On May 22, 2018, Townsend was released from custody without restrictions, because Los Angeles County prosecutors assertedly did not have enough evidence to charge her with a crime. (FAC ¶¶ 4, 79). She subsequently received a return of property, which did not include certain items of personal property. (FAC ¶¶ 5, 100–05). As a result of these events, Plaintiffs – Townsend and her son – allege they have sustained injuries. (FAC ¶ 13).

   **B.   Procedural Background**

      **1.   Pleadings**

Plaintiffs brought suit on November 29, 2018 against multiple named Defendants. (Docket No. 1). Plaintiffs filed the First Amended Complaint on February 15, 2019. (Docket No. 40). Plaintiffs brought the following causes of actions against the City: conspiracy (eighth cause of action), violation of civil rights: neglect (ninth cause of action); violation of the Bane Act (tenth cause of action); false imprisonment (eleventh cause of action); intentional infliction of emotional distress (twelfth cause of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10011-PSG-JC | Date | September 20, 2023 |
|---|---|---|---|
| Title | Cherie Townsend, et al. v. Jim McDonnell, et al. | | |

action); negligent investigation causing false arrest (thirteenth cause of action); negligent infliction of emotional distress (fourteenth cause of action); defamation (fifteenth cause of action); and false light publicity (sixteenth cause of action). (FAC at 29-39).

A litigation stay was put in place effective March 20, 2019, and later lifted on October 18, 2019. (Docket Nos. 76, 90).

On November 5, 2019, the City and Mayor Huff filed a motion to dismiss and motion to strike the First Amended Complaint. (Docket Nos. 103, 104). On December 12, 2019, the Court issued an Order granting in part and denying in part the City and Mayor Huff's motion to dismiss and denying the motion to strike ("December 12 Order"). (Docket No. 117). The Court dismissed all claims against Mayor Huff with prejudice. (Docket No. 117). The Court dismissed all claims against the City, with the exception of the state law Bane Act claim. (Docket No. 117). The claims that were dismissed were dismissed with prejudice, except for the conspiracy and neglect claims, on which the Court granted leave to amend. (Docket No. 117).

As Plaintiffs did not file an amended complaint within the time frame stated in the December 12 Order, the only remaining claim against the City is Plaintiff Townsend's Bane Act claim. (Docket No. 185; Glos Decl. ¶ 2). The City filed a motion to dismiss such remaining claim on February 20, 2020. (Docket No. 125). The Court denied such motion on April 14, 2020. (Docket No. 185).

### 2. Pertinent Discovery

On November 4, 2019, the then-assigned District Judge issued a Scheduling Order setting the discovery cut-off for April 29, 2020. (Docket No. 101). On January 9, 2020, the currently assigned District Judge issued an Order for Jury Trial, maintaining the April 29, 2020 discovery cut-off, and clarifying that such date was the date by which all discovery was to be completed, that all depositions were to be scheduled sufficiently in advance of such date to permit their completion and to permit the deposing party enough time to bring any discovery motion concerning the deposition prior to the cut-off date, that all written discovery requests were to be served sufficiently in advance of the discovery cut-off date to permit the discovering party enough time to challenge (via motion practice) responses deemed to be deficient, and that any motion challenging the adequacy of responses to discovery must be filed timely, and served and calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date, if the motion is granted. (Docket No. 122 at 2).

///
///
///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10011-PSG-JC | Date | September 20, 2023 |
|---|---|---|---|
| Title | Cherie Townsend, et al. v. Jim McDonnell, et al. | | |

On February 27, 2020, the City propounded Interrogatories,[2] Requests for the Production of Documents[3] and Requests for Admissions[4] to each of the Plaintiffs (collectively "Written Discovery

///

---

[2] The City propounded fifteen Interrogatories which essentially called for Plaintiffs to (1) describe any facts which they contend support the allegations in the Bane Act claim; (2) identify any persons with knowledge of any facts identified in their response to Interrogatory No. 1; (3) identify any documents which support their response to Interrogatory No. 1; (4) describe any facts which they contend support the allegations that the City "is jointly and severally liable for the County of Los Angeles' actions under California Government Code section 895.2" as set forth in the First Amended Complaint (FAC ¶ 197); (5) identify any persons with knowledge of any facts identified in their response to Interrogatory No. 4; (6) identify any documents which support their response to Interrogatory No. 4; (7) describe any facts which they contend support the allegations in Paragraph 200 of the First Amended Complaint; (8) identify any persons with knowledge of any facts identified in their response to Interrogatory No. 7; (9) identify any documents which support their response to Interrogatory No. 7; (10) describe any facts which they contend support the damages alleged in Paragraphs 201 and 202 of the First Amended Complaint; (11) identify any persons with knowledge of any facts identified in their response to Interrogatory No. 10; (12) identify any documents which support their response to Interrogatory No. 10; (13) identify any facts which support any denial or partial denial to any of the City's Requests for Admissions to them; (14) identify any persons with knowledge of any denial or partial denial to any of the City's Requests for Admissions to them; and (15) identify any documents which support any denial or partial denial to any of the City's Requests for Admissions to them. (Glos Exs. A, B).

[3] The City propounded five Requests for Production which essentially called for Plaintiffs to produce any documents (1) identified in their responses to the City First Set of Interrogatories to them; (2) supporting their allegations in the Bane Act claim; (3) supporting any allegations against the City; (4) supporting any damages they incurred as a result of the City's conduct alleged in the First Amended Complaint; and (5) supporting their request for punitive damages. (Glos Exs. C, D).

[4] The City propounded six Requests for Admission which essentially called for Plaintiffs to admit: (1) the City did not threaten them at any time relevant to the First Amended Complaint; (2) the City did not intimidate them at any time relevant to the First Amended Complaint; (3) the City did not coerce them at any time relevant to the First Amended Complaint; (4) they had no reasonable belief that the City would commit violence against them/the other Plaintiff in this action and/or their property at any time relevant to the First Amended Complaint; (5) the City did not intend to deprive them of their enjoyment of the interests protected under the Bane Act at any time relevant to the First Amended Complaint; and (6) the City was not a substantial factor in causing them harm at any time relevant to the First Amended Complaint. (Glos Exs. E, F).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10011-PSG-JC | Date | September 20, 2023 |
|---|---|---|---|
| Title | Cherie Townsend, et al. v. Jim McDonnell, et al. | | |

Requests") which were served by mail.[5] (Gloss Decl. ¶ 4; Glos Exs. A-F). Plaintiffs' counsel attests that he did not receive such discovery requests on the "date of their service" as they were sent out by U.S. mail (Haysbert Decl. ¶ 2), but does not specify the date that he did receive such requests.

Plaintiffs' counsel has provided the Court with proofs of service in which he attests, under penalty of perjury, that he "personally served" the City's counsel with Plaintiffs' responses to the Written Discovery Requests, by "United States Mail," on April 2, 2020. (Haysbert Decl. ¶¶ 2-4, 8; Haysbert Exs. A-B, F).[6] However, at least as of April 21, 2020, the City's counsel had not received them. (Glos EP Decl. ¶ 3).

As the City did not receive Plaintiffs' responses to the Written Discovery Requests by the deadline to respond thereto, the City's counsel emailed a meet and confer letter to Plaintiffs' counsel on April 8, 2020, indicating that the City intended to file a motion to compel and for terminating, evidentiary, and monetary sanctions due to the lack of such responses, and offered April 8, 9, and 10, 2020 as dates to discuss the matter by telephone. (Glos Decl. ¶ 6; Glos Ex. G). On April 10, 2020, the City's counsel sent another email to Plaintiffs' counsel indicating that he had not received a response to the prior request to meet and confer and requesting that Plaintiffs' counsel let the City's counsel know if Plaintiffs' counsel was available to meet and confer that day. (Glos Decl. ¶ 6; Glos Ex. H). Plaintiffs' counsel did not respond to either such email. (Glos Decl. ¶ 6).

On April 13, 2020, the City provided Plaintiffs with Defendant's portion of the Joint Stipulation and supporting documents, requesting that Plaintiffs provide their portion and any supporting documents by not later than April 20, 2020. (Glos EP Decl. ¶ 7; Glos EP Ex. D).

On April 17, 2020 at 1:22 p.m., the City's counsel emailed Plaintiffs' counsel noting that Plaintiffs' responses to the Written Discovery Requests had been due on April 2, 2020, that Plaintiffs had never asked for an extension of time to respond and had failed to serve any responses on or after the April 2, 2020 due date. (Glos EP Decl. ¶ 8; Glos EP Ex. E). The City's counsel noted that Plaintiffs must comply with the Court's rules and timely return their portion of the Joint Stipulation so that it may be filed, but that in the event they refused to do so, the City would file it without Plaintiffs' input. (Glos EP Ex. E). On April 17, 2020 at 6:43 p.m., Plaintiffs' counsel requested additional time – until April 23,

---

[5]As such discovery requests were served by mail, Plaintiffs' responses thereto were due by April 2, 2020. See Fed. R. Civ. P. 6(a)(1)(C), 6(d), 33(b)(2), 34(b)(2)(A), 36(a)(3).

[6]Contrary to Fed. R. Civ. P. 5(a)(1)(C), such proofs of service do not reflect that the responses to the City's Written Discovery Requests were served on counsel for the other Defendants. See Fed. R. Civ. P. 5(a)(1)(C) (unless the Federal Rules of Civil Procedure provide otherwise, a discovery paper required to be served on a party must be served on every party unless the court orders otherwise).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10011-PSG-JC | Date | September 20, 2023 |
|---|---|---|---|
| Title | Cherie Townsend, et al. v. Jim McDonnell, et al. | | |

2020 – to provide Plaintiffs' portion of the Joint Stipulation, and indicated that absent a stipulation, he intended to seek an order extending the discovery cut-off and ordering all parties to provide all written discovery via email. (Haysbert Decl. ¶ 6; Haysbert Ex. D).

On April 18, 2020, the City's counsel responded, essentially conveying that the rationale Plaintiffs' counsel had assertedly offered to request a "delay in providing any responses to the City's [Written Discovery Requests] was . . . irrelevant to the fact that Plaintiffs' discovery was never served[]," that if Plaintiffs' counsel was serious about resolving the discovery issues, he would "produce, or at a bare minimum offer a future date to produce [] substantive responses without objection[,]" and that Plaintiffs' "failure to do so showed a lack of good faith[.]" (Glos EP Decl. ¶ 9; Glos EP Ex. F; Haysbert Decl. ¶ 6; Haysbert Ex. D). The City's counsel asked that Plaintiffs timely comply with the discovery rules without "further obstruction and delay." (Glos EP Decl. ¶ 9; Glos EP Ex. F).

On April 20, 2020, during a telephonic meet and confer session relating to other issues, Plaintiffs' counsel for the first time advised the City's counsel that Plaintiffs had served responses to the Written Discovery Requests. (Glos EP Decl. ¶ 3).[7] The City's counsel reminded Plaintiffs' counsel that Plaintiffs' portion of the Joint Stipulation was due by the end of that day. (Glos EP Decl. ¶ 10).

Also on April 20, 2020, Plaintiffs' counsel emailed Defendants' counsel to, among other things, follow up on defense counsel's request that he "email Plaintiffs' written discovery responses served, respectively, on County and City, on March 30, 2020 and April 2, 2020." (Haysbert Decl. ¶ 7; Haysbert Ex. E). He further indicated he was "willing to email Plaintiffs['] written discovery responses to the Parties if all Parties are in agreement to also serve any written discovery responses owed to Plaintiffs via email as well[,]" requested that defense counsel confirm their agreement to accept email service of Plaintiffs' written discovery responses and [defense counsel's] reciprocal agreement to serve timely written discovery responses owed to Plaintiffs via email[,]" and indicated that once he had received their "confirmations and written agreement," he would "serve Plaintiffs' written discovery responses via email." (Haysbert Decl. ¶ 7; Haysbert Ex. E).

As of April 21, 2020, the City had received no responses to its Written Discovery Requests from Plaintiffs and no request for an extension of time to serve responses. (Glos EP Decl. ¶ 3). Nor – in light of Plaintiffs' counsel's April 20, 2020 representation that he had served responses to the Written Discovery Requests – did Plaintiffs' counsel then attempt to obviate the filing of Defendant's Motion by

---

[7]In the Reply, the City asserts that Plaintiffs' counsel first advised the City's counsel that Plaintiffs had served responses to the Written Discovery Requests in a below-described April 20, 2020 email (instead of the telephonic meet and confer session on such date). (Reply at 5). In any event, it is undisputed that Plaintiffs' counsel first so informed the City's counsel on April 20, 2020.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10011-PSG-JC | Date | September 20, 2023 |
|---|---|---|---|
| Title | Cherie Townsend, et al. v. Jim McDonnell, et al. | | |

re-serving such responses or providing the City's counsel with proofs of service showing that they had been served. (Glos EP Decl. ¶ 3).

As noted above, on April 21, 2020, the City filed Defendant's Motion and an ex parte application to shorten time to hear Defendant's Motion. (Docket No. 201).

On April 24, 2020, the District Judge vacated the discovery cut-off, motion cut-off, pretrial conference and jury trial dates and stayed discovery except as the Magistrate Judge may order in connection with then pending motions/applications. (Docket No. 213). In light of the District Judge's Order *sua sponte* vacating dates – including the April 29, 2020 discovery-cut off – this Court determined there was no need to shorten time to hear Defendant's Motion and accordingly denied the City's ex parte application to shorten time, set a regular briefing schedule, and submitted Defendant's Motion for decision. (Docket No. 215).

### III. PERTINENT LAW

#### A. General Discovery Law

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information within the foregoing scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1).

Pursuant to Rule 26(b)(2)(C), "the court must limit the frequency or extent of discovery otherwise allowed . . . if it determines that: [¶] (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; [¶] (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or [¶] (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."

#### B. Interrogatories

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, any party may serve upon any other party written interrogatories within the scope of Rule 26(b). Fed. R. Civ. P. 33(a)(2). Absent a stipulation or order extending time, a party must, within 30 days after being served, respond to interrogatories by answer – furnishing information available to the party – or objection. Fed. R. Civ. P.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10011-PSG-JC | Date | September 20, 2023 |
|---|---|---|---|
| Title | Cherie Townsend, et al. v. Jim McDonnell, et al. | | |

33(b).[8]  Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.  Fed. R. Civ. P. 33(b)(3).  The person who makes the answers must sign them, and the attorney who objects must sign any objections.  Fed. R. Civ. P. 33(b)(5).

The ground(s) for objecting to an interrogatory must be stated with specificity.  Fed. R. Civ. P. 33(b)(4).  General or boilerplate objections are improper – especially when a party fails to submit any evidentiary declarations supporting such objections.  A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006).

Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.  Fed. R. Civ. P. 33(b)(4).

    **C.**    **Requests for Production of Documents**

Pursuant to Rule 34, any party may serve on any other party a request for the production or inspection of documents within the scope of Rule 26(b) which are in the responding party's possession, custody or control.  Fed. R. Civ. P. 34(a).

Unless excused by a protective order, in response to a request for the production of documents a party must, within 30 days of service thereof and as to each item or category, either:  (1) state that the inspection will be permitted/production will be made; or (2) state with specificity the grounds for objecting to the request, including the reasons, and state whether any responsive materials are being withheld on the basis of that objection.  Fed. R. Civ. P. 34(b)(2)(A)-(C).  If the responding party states that it will produce documents, such production must be completed no later than the time specified in the request or another reasonable time specified in the response.  Fed. R. Civ. P. 34(b)(2)(B).

If a party fails timely to object to discovery requests, such a failure generally constitutes a waiver of any objections which a party might have to the requests.  See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1991) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.") (citation omitted), cert. dismissed, 506 U.S. 948 (1992).[9]

---

[8] When service is made by mail, three days are added after the 30-day period would otherwise expire.  See Fed. R. Civ. P. 6(d).

[9] Courts have broad discretion to determine whether a party's failure to raise timely objections to discovery should be excused for "good cause."  See Blumenthal v. Drudge, 186 F.R.D. 236, 240 (D.D.C.1999).  In exercising such discretion, courts consider several relevant factors, including:  (1) the length of the delay in responding; (2) the reason for the delay; (3) dilatory conduct or bad faith by the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10011-PSG-JC | Date | September 20, 2023 |
|---|---|---|---|
| Title | Cherie Townsend, et al. v. Jim McDonnell, et al. | | |

**D.    Sanctions**

Pursuant to Rule 37(a)(5), if a party's discovery motion is granted, the court must, after giving an opportunity to be heard,[10] order a party whose conduct necessitated the motion to pay the moving party's reasonable expenses incurred in making the motion, including attorney's fees unless the moving party filed the motion before attempting in good faith to obtain the discovery without court action, the opposing party's conduct was substantially justified, or other circumstances make an award of expenses unjust.  Fed. R. Civ. P. 37(a)(5)(A).

Pursuant to Rule 37(d) of the Federal Rules of Civil Procedure, a party who, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response, may be sanctioned.  Fed. R. Civ. P. 37(d)(1).

Sanctions may include orders (1) designating facts to be taken as established for purposes of the action, as the prevailing moving party claims; (2) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (3) striking pleadings in whole or in part; (4) staying further proceedings until the order is obeyed; (5) dismissing the action in whole or in part;[11] and/or (6) requiring the party failing to act to pay the reasonable expenses,

---

responding party; (4) prejudice to the party seeking the disclosure; (5) the nature of the request (*i.e.*, whether the discovery requested was overly burdensome or otherwise improper); and (6) the harshness of imposing the waiver.  Hall v. Sullivan, 231 F.R.D. 468, 474 (D. Md. 2005).

[10]Paladin Associates, Inc. v. Montana Power Co, 328 F.3d 1145, 1164-65 (9th Cir. 2003) (plaintiff given "opportunity to be heard" within meaning of rule allowing for imposition of discovery sanctions as plaintiff received notice of possibility of sanctions when defendant filed motion for costs, plaintiff allowed to submit responsive brief, and issues were such that evidentiary hearing would not have aided court's decisionmaking process); Hudson v. Moore Business Forms, Inc., 898 F.2d 684, 686 (9th Cir. 1990) (party need not be given opportunity to respond to sanctions request orally if given full opportunity to respond in writing).

[11]The Ninth Circuit has identified five factors that the Court must consider when asked to impose terminating sanctions pursuant to Rule 37:  (1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  Connecticut General Life Insurance Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007).  With respect to the final factor, a reviewing court further examines: (1) whether the district court explicitly discussed the feasibility of less drastic sanctions and explained why such alternate sanctions would be inappropriate; (2) whether the court implemented alternative

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10011-PSG-JC | Date | September 20, 2023 |
|---|---|---|---|
| Title | Cherie Townsend, et al. v. Jim McDonnell, et al. | | |

including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(d)(3) (incorporating Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi)).

Pursuant to Title 28, United States Code, section 1927: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Section 1927 does not provide for the imposition of sanctions against parties. Alexander v. FBI, 541 F. Supp.2d 274, 299 (D.D.C. 2008).

## IV. DISCUSSION AND ORDERS

### A. Compliance with Local Rules

Local Rules 37-1, *et seq.* govern the filing of motions to compel discovery in the Central District of California. Such rules essentially contemplate that when a discovery dispute exists, the following shall occur: (1) the moving party will send the opposing party a meet and confer letter which comports with Local Rule 37-1,[12] with the opposing party having ten days to confer; (2) thereafter, if the parties are unable to resolve their differences, the moving party shall send the moving party's portion of a joint stipulation which comports with Local Rule 37-2.1 & 37-2.2 (and all supporting documents) to the opposing party, with the opposing party having seven days to insert its position and return the joint stipulation (and all supporting documents) to the moving party; (3) the moving party shall then sign the joint stipulation and send the joint stipulation to the opposing party who must sign and return the joint stipulation by the end of the next business day; (4) the moving party shall then file the joint stipulation along with a notice of motion, setting the matter for hearing not sooner than 21 days later/the court's

///
///

---

sanctions before ordering dispositive sanctions; and (3) whether the district court warned the party of the possibility of the imposition of dispositive sanctions before ordering such sanctions. Leon v. IDX Systems Corp, 464 F.3d 951, 960 (9th Cir. 2006) (citing Anheuser-Busch, Inc. v. Natural Beverage Distributors, 69 F.3d 337, 352 (9th Cir. 1995)).

[12]Pursuant to Local Rule 37-1, the moving party's letter must identify each issue and/or discovery request in dispute, state briefly as to each such issue/request the moving party's position (and provide any legal authority the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10011-PSG-JC | Date | September 20, 2023 |
|---|---|---|---|
| Title | Cherie Townsend, et al. v. Jim McDonnell, et al. | | |

next subsequent regular hearing date; and (5) the parties may file supplemental memoranda not later than fourteen days before the hearing date. <u>See</u> Local Rules 37-1, 37-2, 37-2.1, 37-2.2, 37-2.3, 37-3.[13]

      Pursuant to Local Rule 37-2.4, the Court will not consider any discovery motion in the absence of a joint stipulation or a declaration from counsel for the moving party establishing that opposing counsel (a) failed to confer in a timely manner in accordance with Local Rule 37-1; (b) failed to provide the opposing party's portion of the joint stipulation in a timely manner in accordance with Local Rule 37-2.2; or (c) refused to sign and return the joint stipulation after the opposing party's portion was added.  If such a declaration accompanies the motion, then Local Rules 6-1 (calling for not less than a 28-day notice), 7-9 (calling for the filing of an opposition not later than 21 days before the hearing date), and 7-10 (calling for the filing of a reply not later than 14 days before the hearing date).

      Here, Defendant's Motion is not in the form of a joint stipulation.  The Glos Declaration which accompanies Defendant's Motion and was executed on April 21, 2020, reflects that Plaintiffs' counsel did not respond to meet and confer correspondence dated April 8, 2020 and April 10, 2020, calling for Plaintiffs' counsel to meet and confer on April 8, 9, 10.  (Glos Decl. ¶ 6).  As noted above, however, Plaintiffs' counsel had ten days – or until April 18, 2020 – to meet and confer under Local Rule 37-1. Notwithstanding the foregoing, the City's counsel prematurely forwarded Defendant's portion of the Joint Stipulation to Plaintiffs' counsel on April 13, 2020 – five days before the expiration of Plaintiffs' counsel's deadline to meet and confer.  (Glos EP Decl. ¶ 7; Glos EP Ex. D).  He did afford Plaintiffs' counsel the requisite seven days to return Plaintiffs' portion of the Joint Stipulation, but declined to afford Plaintiffs' counsel an extension of time to do so as requested.  (Glos EP Decl. ¶¶ 7, 9; Glos EP Exs. D, F; Haysbert Decl. ¶ 6; Haysbert Ex. D).

      Plaintiffs argue that Defendant's Motion should be denied for non-compliance with the Local Rules because (1) Defendant's Motion improperly references the Glos Declaration which is not attached to Defendant's Motion itself, but instead is attached to Defendant's portion of the Joint Stipulation; (2) the Glos Declaration does not establish that Plaintiffs failed to meet and confer within ten days after being served with a meet and confer letter pursuant to Local Rule 37-1 since the City's counsel's April 8, 2020 email only provided meet and confer dates for that day and the following two days, ignoring the ten-day period to which Plaintiffs were entitled; and (3) Defendant's Motion is not supported by a declaration which reflects that Plaintiffs failed to provide their portion of the Joint Stipulation.  (Opp. at 4).

      The Court rejects Plaintiffs' first argument as the Notice of Motion reflects that Defendant's Motion is partially based on the Glos Declaration and the Court sees no impropriety in connection

---

[13]Local Rule 37-4 provides that the failure of any counsel to comply with or cooperate in the foregoing procedures may result in the imposition of sanctions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10011-PSG-JC | Date | September 20, 2023 |
|---|---|---|---|
| Title | Cherie Townsend, et al. v. Jim McDonnell, et al. | | |

therewith.  The Court agrees that the City's meet and confer email afforded Plaintiffs' counsel insufficient time under the Local Rules to meet and confer, but – in light of Plaintiffs' counsel's own non-compliance with the meet and confer requirements (*i.e.*, his failure to respond to such communications or to attempt to meet and confer regarding the merits of this matter within such ten-day period – something which could have obviated the need for the City to file Defendant's Motion) – finds the City's non-compliance to be immaterial.  Finally, although Plaintiffs are technically correct that Defendant's Motion is not supported by a declaration which reflects that Plaintiffs failed to provide their portion of the Joint Stipulation, the concurrently filed declaration of Attorney Glos which was submitted in conjunction with the City's ex parte application to shorten time to hear Defendant's Motion does so reflect.  Accordingly again, the Court finds the City's technical non-compliance in this regard to be immaterial.

As the Court finds the City's asserted non-compliance with the Local Rules to be merely technical/immaterial, it will not deny Defendant's Motion on such basis but will consider the City's non-compliance, as well as Plaintiffs' non-compliance with the meet and confer requirements in assessing whether sanctions should be awarded to/against the City or to/against Plaintiffs as each requests.

    **B.**    **The Merits**

The Court grants in part and denies in part Defendant's Motion to the extent it seeks to compel responses to the Written Discovery Requests.

Without an evidentiary hearing – which the Court declines to conduct – the Court cannot resolve on this disputed record whether Plaintiffs actually sent their responses to the Written Discovery Requests to the City in a timely fashion (or at all) or, correspondingly, whether Plaintiffs' objections to the Written Discovery Requests have been waived and the Requests for Admission deemed admitted.

Plaintiffs have provided albeit somewhat deficient proofs of service suggesting that they did timely serve such responses on the City on April 2, 2020, but have not provided the Court with any actual responses.[14]  If the responses were mailed on April 2, 2020, they presumably would have been received three days later.  See, e.g., Dandino, Inc. v. U.S. Dept. of Transp., 727 F.3d 917, 922 (9th Cir. 2013) ("the Postal Service's regulations and our case law assume that most first class mail will be

---

[14]The weight of the other evidence in the record – including evidence that discovery responses Plaintiffs' counsel assertedly mailed to other Defendants on March 30, 2020 likewise apparently did not reach their destination (Docket No. 203-1, ¶ 7; Docket No. 209-1 at 3, ¶ 11) – raises a serious question regarding the veracity of such proofs of service, but again, without an evidentiary hearing which the Court is not inclined to conduct, the Court does not view it to be appropriate to make a credibility determination relative thereto.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10011-PSG-JC | Date | September 20, 2023 |
|---|---|---|---|
| Title | Cherie Townsend, et al. v. Jim McDonnell, et al. | | |

delivered within three days of mailing); Payan v. Aramark Management Services Ltd. Partnership, 495 F.3d 1119, 1125 (9th Cir. 2007) (three-day presumption accords with Federal Rule of Civil Procedure 6(e), which provides that "[w]henever a party must or may act within a prescribed period after service and service is made [by mail], 3 days are added after the prescribed period would otherwise expire." Fed. R. Civ. P. 6(e)). However, such presumption has been rebutted by the City which provides evidence that the City's counsel had still not received such responses as of multiple weeks after the responses were allegedly sent.[15] The City's counsel sent Plaintiffs' counsel multiple emails informing him that the responses had not been received, seeking to meet and confer, and seeking Plaintiffs' portion of the Joint Stipulation. Instead of immediately disabusing opposing counsel of his incorrect impression and seeking to remedy the matter, Plaintiffs' counsel waited until April 20, 2020 to convey that Plaintiffs assertedly had timely sent such responses, and even then, declined to re-serve or email the responses (or even proofs of service evidencing that they had originally been timely sent) absent an agreement between all parties that they would serve any written discovery responses to Plaintiffs via email. Defendants' counsel declined to so agree and the parties were at an impasse. If, as Plaintiffs contend, they actually timely mailed their responses to the Written Discovery Requests to the City's counsel, they could (and should) have entirely avoided litigating Defendant's Motion and saved the Court and counsel considerable time and effort by re-serving such responses by mail or emailing them to opposing counsel without conditions.

To end this impasse, and absent the dismissal of this action prior to the compliance deadline set herein (see Docket Nos. 252, 254, 257): (1) Plaintiffs shall serve/re-serve their responses to the Written Discovery Requests (with corresponding proofs of service and corrected verifications[16]) and file a Notice of Compliance to which such responses (including corresponding proofs of service/corrected verifications) are attached within fourteen (14) days; and (2) all parties shall henceforth email all other counsel of record at least courtesy copies of discovery responses, including discovery responses that are otherwise served/required to be served by another means (*e.g.*, mail/personal delivery) absent further Order of the Court.[17]

///

---

[15] While the pandemic could theoretically account for a limited additional degree of delay, the Court is unwilling to attribute the at least multiple-week delay involved here to the pandemic.

[16] The verifications supplied by Plaintiffs to date (Haysbert Exs. A, B, F) are deficient for the reasons articulated by the City (Reply at 6-8).

[17] The Court allows for the possibility that certain limited discovery may be of such a sensitive nature that its dissemination over email may be inappropriate and accordingly does not preclude a party from seeking an exception in such rare circumstances.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10011-PSG-JC | Date | September 20, 2023 |
|---|---|---|---|
| Title | Cherie Townsend, et al. v. Jim McDonnell, et al. | | |

**C.  Sanctions**

The Court denies Defendant's Motion to the extent it seeks monetary sanctions/a Report and Recommendation for recommending evidentiary sanctions and denies Plaintiffs' cross-request for monetary sanctions.

In light of the Court's discussion of the merits above, the mixed nature of the Court's rulings, and the fact that both sides to some degree failed to comply with the Local Rules, the Court does not view the imposition of monetary sanctions or evidentiary sanctions under Fed. R. Civ. P. 37(a)(5), 37(d) or 28 U.S.C. § 1927 to be appropriate at this juncture.

IT IS SO ORDERED.